UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-60459-Civ-SCOLA

RACQUET CLUB APARTMENTS
AT BONAVENTURE 4 SOUTH
CONDOMINIUM ASSOCIATION,

    Plaintiff,

vs.

U.S. SECRETARY OF HOUSING
AND URBAN DEVELOPMENT,

    Defendant.
_____/

## ORDER GRANTING MOTION TO REMAND; DENYING MOTION TO VACATE

THIS MATTER is before the Court upon the Motion to Release Lien, Quash Service, Vacate Default, Vacate Judgment, Vacate Certificate of Sale and Certificate of Title (hereinafter, "Motion to Vacate") [ECF No. 7], filed by Defendant U.S. Secretary of Housing and Urban Development ("HUD"), and the Cross-Motion to Remand [ECF No. 9], filed by Plaintiff Racquet Club Apartments at Bonaventure, 4 South, Condominium Association, Inc. ("Racquet Club"). Because Plaintiff's request for remand questions whether this case is properly here, the Court begins with that issue; and, finding remand appropriate, goes no further. Thus, for the reasons set forth below, the Plaintiff's Cross-Motion to Remand is granted and HUD's Motion to Vacate is denied as moot.

### Introduction

In 2010, HUD acquired a condominium unit at the Racquet Club Apartments pursuant to the National Housing Act, 12 U.S.C. § 1701. On October 13, 2010, after filing a lien for unpaid condo assessments against the subject property, Racquet Club filed a complaint against HUD in Broward County Court seeking damages and to foreclose on the lien. Racquet Club filed an affidavit of service indicating that the complaint and summons were served upon HUD in Washington, D.C. via an authorized agent, Shirley Henson, on October 20, 2010. HUD does not dispute this fact.

Thereafter, HUD failed to appear in the case and, as a result, Racquet Club obtained a default and final judgment of foreclosure. The property was then subjected to a judicial foreclosure sale and, on June 3, 2011, was bought by Y&L Properties, LLC ("Y&L"). On October 18, 2011, Bruno Marmo and Carmela Patricia Barra acquired the property from Y&L.

Subsequent to these events, HUD appeared in the state court action to contest the default judgment and judicial foreclosure sale. On March 9, 2012, HUD filed the instant Motion to Vacate in county court. On March 13, 2012, without obtaining any ruling from that court, HUD removed the case to federal district court, pursuant to 28 U.S.C. §§ 1442 and 1444. Racquet Club has responded in opposition to HUD's Motion to Vacate and also filed a Cross-Motion to Remand the case to state court.

## **Legal Standards**

"A civil case commenced in state court may generally be removed by the defendant to federal district court if the case could have been brought there originally." *Rae v. Perry*, 392 F. App'x 753, 755 (11th Cir. 2010). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly," with all doubts "resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). The defendant, as the removing party, bears the burden to show that removal is proper. *Harris Corp. v. Kollsman, Inc.*, 97 F. Supp. 2d 1148, 1151 (M.D. Fla. 2000). This includes showing that all procedural requirements for removal have been met. *See Doe v. Fla. Int'l Univ.Bd. of Trs.*, 464 F. Supp. 2d 1259, 1261 (S.D. Fla. 2006) (Ungaro, J.).

The defendant generally must remove a case within thirty days of receipt, "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b). This time limitation applies to removals under sections 1442 and 1444. *See Salery v. United States*, 373 F. App'x 29, 30 (11th Cir. 2010). The timing provision's general purpose is "to prevent removal late in the proceedings that will cause delay and disruption" to the case. *See Lopez v. Robinson Aviation (RVA), Inc.*, 2010 WL 3584446, at *4 (S.D. Fla. Apr. 21, 2010) (Moore, J.). For this reason, the thirty-day timeframe, though not jurisdiction, is rigorously enforced by federal courts. *See Harris Corp.*, 97 F. Supp. 2d at 1151; *see also Liebig v. DeJoy*, 814 F. Supp. 1074, 1076 (M.D. Fla. 1993) ("thirty-day time period is mandatory and may not be extended by the court"). Thus, failure to comply with the time limitation will usually bar removal and result in remand. *See Ware v. Fleetboston Fin.Corp.*, 180 F. App'x 59, 62 (11th Cir. 2006).

## **Legal Analysis**

The Court finds that remand is required because HUD has failed to show that it timely removed to federal court within thirty days of being served with the complaint and summons.

HUD argues that it was not properly served in the state court action because Plaintiff did not comply with Federal Rule of Civil Procedure 4(i), which applies to service of process upon the United States. HUD contends that because "[t]he Federal Rules of Civil Procedure qualify as federal statutes," and Florida law does not specifically delineate how the federal government must be served, Rule 4(i) must apply to state court proceedings. Remand Resp. at 2. This argument fails to persuade.

As an initial matter, the case upon which HUD relies for the proposition that the Federal Rules are statutes, *Oklahoma Radio Associates v. F.D.I.C.*, 969 F.2d 940 (10th Cir. 1992), is not on point. That case concerned application of the Federal Rules to service of a deficiency motion in a Rule 69 supplemental proceeding in federal court. Rule 69(a) provides that the procedure in supplementary proceedings to execute a federal court's judgment shall be that of the forum state, unless there is an applicable federal statute. Fed. R. Civ. P. 69(a)(1). Within that context, the Tenth Circuit found that the Federal Rules qualify as federal statutes and, thus, should govern service in a supplementary proceeding ***in federal court*** under Rule 69. Here, we deal not with whether the Federal Rules apply to service of a motion in a supplemental ***federal proceeding***; rather, the question is whether those Federal Rules trump the state's otherwise applicable procedural rules governing service of process ***in state court proceedings***. The Tenth Circuit's decision in *Oklahoma Radio* provides no answer to this question. It certainly does not support HUD's argument that Rule 4(i) should apply to service in a state court proceeding, pre-removal.[1]

While Florida law may not specifically delineate the required means of service on a federal defendant, it does not follow that the plaintiff must comply with Federal Rule 4(i) or else service is defective. HUD cites no authority for this remarkable proposition, and the Court is

---

[1] This important distinction aside, the Tenth Circuit's rationale has not been uniformly accepted in any event. In *Resolution Trust Corp. v. Ruggiero*, 994 F.2d 1221, 1226 (7th Cir. 1993), for example, Circuit Judge Posner remarked, in grappling with Rule 69(a), that "neither do we agree with the Tenth Circuit [in *Oklahoma Radio*] that the judge must apply the federal rules because they have the force of statute." Rule 69(a)'s reference to "applicable federal statutes" meant, in Judge Posner's view, "federal statutes expressly governing execution, a category that would presumably comprehend any rule regulating execution, such as Rule 62(a), but not the rules of procedure or of evidence in gross." *See id.* (citations omitted).

aware of none.[2]  Generally, proceedings in the courts of the states are governed by state rules of procedure.  *See Felder v. Casey*, 487 U.S. 131, 138 (1988) ("No one disputes the general and unassailable proposition . . . that States may establish the rules of procedure governing litigation in their own courts"); *see also Howlett v. Rose*, 496 U.S. 356, 372 (1990) ("States may apply their own neutral procedural rules").  The requirements for service of process are considered matters of procedure.  *See Henderson v. United States*, 517 U.S. 654, 656 (1996) ("manner and timing of serving process are generally nonjurisdictional matters of 'procedure'"); *see also Bradley Fiduciary Corp. v. Citizens & So. Int'l Bank*, 431 So. 2d 196, 197 (Fla. 3d DCA 1983) ("The manner of service of process is, as the phrase suggests, a matter of procedure.").

Relatedly, it is well-settled that the Federal Rules of Civil Procedure do not apply outside of federal court.  *See, e.g.*, *Wasowicz v. United States*, 2008 WL 4097794, at *1 (S.D. Fla. Sept. 2, 2008) (Zloch, J.) ("The Government assumes that the Federal Rules of Civil Procedure applied to Plaintiff's state-court action," but "cites no authority for this proposition, and the Court has found none. Therefore, the failure-to-serve argument will be rejected as Florida rules of procedure applied to this action during its pendency in Florida state court."); *see also Lang v. U.S. Soc. Sec. Admin.*, 612 F.3d 960, 866 (8th Cir. 2010) ("It is axiomatic that state rules of civil procedure apply to state court actions, and the federal rules of civil procedure do not.  For that reason alone, [the plaintiff] did not have to comply with Rule 4 of the Federal Rules of Civil Procedure when serving [the federal agency defendant.]"); *Lee v. Putz*, 2006 WL 1791304, at *3 (W.D. Mich. June 27, 2006) ("[T]he federal rules only applied to Plaintiff's claim after it was removed to this Court. . . . Therefore, at the time Plaintiff filed his complaint, he was required to

---

[2] In the Motion to Vacate, HUD cites three cases for the proposition that a state court will not be vested with proper jurisdiction unless the procedures of Federal Rule 4(i) are followed: *United States v. McNeil*, 661 F. Supp. 28 (E.D. Ky. 1987), *Fernandez v. Thibideau*, 1994 WL 780183 (S.D. Fla. 1994), and *United States v. Rockland Trust Co.*, 860 F. Supp. 895 (D. Mass. 1994).  Vacate Mot. at 7.  Each of those cases, however, involved a state court proceeding under 28 U.S.C. § 2410 – a statute that, as HUD concedes, does not apply here.  Section 2410 governs proceedings in which the United States "has or claims a mortgage or other lien," and provides that in such cases, even when brought in state court, service must be made upon the local United States Attorney and the United States Attorney General. *See* 28 U.S.C. § 2410 (a) and (b).  Here, as HUD admits, "[s]ection 2410(a) is inapplicable because the instant case is one where the government **owns** the property, rather than **encumbers** the property with a lien or mortgage."  Vacate Mot. at 6 (emphasis original).  Thus, the cases cited by HUD construing section 2410 are not helpful.  Congress could have specified that in cases such as this, where the United States *owns* the subject property, service must be made in accordance with Federal Rule 4(i).  That it did not do so, either within section 2410 or in any other provision of which the Court is aware, is quite telling. *See United States v. Steele*, 147 F.3d 1316, 1318 (11th Cir. 1998) (when construing statutes, "we must presume that Congress said what it meant and meant what it said").

comply with the rules governing the filing of a complaint in a state court[.]"); *Verry v. City of El Reno, Okla.*, 2005 WL 3187285, at *1 (W.D. Okla. Nov. 29, 2005) ("Federal Rules of Civil Procedure . . . do not apply in state court"). Indeed, the Federal Rules expressly provide that they apply to matters of procedure only ***after*** a case enters federal court. *See* Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court."); Fed. R. Civ. P. 4, *Practice Commentary* (pre-removal, "service in the state court action will of course have followed state law").

Accepting HUD's argument would, it seems to the Court, result in a departure from these established principles. Therefore, this Court finds that Plaintiff did not have to comply with Federal Rule 4(i) when effecting service in state court.

In one recent case, *Copley v. U.S. Department of Energy*, 2012 WL 1111568 (S.D.W. Va. Mar. 30, 2012), the district court confronted a nearly identical situation and reached a like result. In *Copley*, the federal agency argued that it was improperly served in state court because the plaintiff failed to comply with Federal Rule 4(i). *See id.* at *4. In rejecting this argument, the district court remarked that "as countless decisions make clear, state procedural rules apply pre-removal," and "[t]he Court perceives no reason why the involvement of the United States warrants departure from that rule." *See id.* The court therefore held that service upon the federal defendant would be deemed proper so long as it accorded with state law. *See id.* The court noted that, as is true in this case, there was "no specific provision in [state law] dealing with service of process on the federal government or its agencies." *See id.* at *5. As a result, service would have to be accomplished in a manner otherwise consistent with the state rules governing service of process. *See id.* To that end, the court looked to the state rules regarding service of process upon corporations and found that, by analogy, service upon the federal agency's representative accorded with those rules. *See id.*

The Court applies that approach here. Aside from its Rule 4(i) argument, HUD does not contend that Plaintiff otherwise failed to comply with Florida law in affecting service upon it. In the absence of a state rule specifying a particular procedure for service upon the federal government, the Plaintiff could have served HUD in any manner otherwise consistent with Florida law. *See id.* at *4. Service upon an entity's authorized agent is one such method. *See, e.g.*, *Mid-Continent Cas. Co. v. Harbor Springs Const. & Dev., LLC*, 2010 WL 3385306, at *1 (M.D. Fla. Aug. 26, 2010) (discussing proper methods of service on corporate entities under Florida law); *see also* Fla. Stat § 48.081(3)(a) (corporation may be served via authorized agent

and, if it has not designated one, "service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent"). Accordingly, the Court concludes that HUD was properly served via its authorized agent at its headquarters in Washington, D.C. on October 20, 2010.

The inquiry therefore turns to whether HUD attempted removal within thirty days of service. In *Copley*, after finding the federal agency was properly served under state law, the district court held that removal was untimely:

> Service was effective on April 29, 2011. [The federal agency] was required by 28 U.S.C. § 1446(b) to remove its case to federal court no later than May 29, 2011, if at all. [The federal agency] failed to do so, and as such, Plaintiff's motion to remand for untimely removal is meritorious.

*Copley*, 2012 WL 1111568, at *5.

Just like the federal agency in *Copley*, HUD's removal here comes too late. HUD quotes *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999), for the proposition that "the defendant's period for removal will be no less than 30 days from service, and in some categories, it will be more than 30 days from service, depending on when the complaint is received." Remand Resp. at 3. That proposition, however, does not help HUD in this instance. In *Murphy Brothers*, the Court was tasked with deciding the point in time that the thirty-day window for removal would begin to run where the defendant receives the summons and complaint other than simultaneously.[3] Such a scenario is not presented here, however. As noted above, HUD does not dispute that Plaintiff served a copy of the complaint ***and*** summons upon its agent on October 20, 2010, and the Court has found that such service was effective at the time made under the Florida rules of procedure. *See* Rem. Not., Ex. 3 at 34 (Verified Return of Service). Where, as here, the summons and complaint are served upon the defendant together, *Murphy Brothers* instructs that "the 30-day period for removal runs at once." *See Murphy Bros.*, 526 U.S. at 354. Accordingly, in this case, HUD had thirty days from October 20, 2010 to effect a timely removal. It failed to do so. In fact, HUD did not remove this case to federal court until March 13, 2012, nearly a year and half after service of the complaint and summons. Because HUD failed to comply with section 1446(b)'s thirty-day time limitation, the Court finds HUD's removal untimely. Therefore, remand is required.

---

[3] In deciding this issue, the Supreme Court held that a "defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros.*, 526 U.S. at 347-48.

As this case is not properly in federal district court, the Court will not opine on the merits of HUD's Motion to Vacate. That motion will be denied as moot, and left for the state court to resolve upon remand. Because the default and judicial sale of property occurred within the state court proceeding, it seems an entirely appropriate result for that court to also adjudicate HUD's Motion to Vacate. *Cf. Nicholson v. Shafe*, 558 F.3d 1266, 1274 (11th Cir. 2009) (federal district courts ought not review "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments") (citations omitted).

## Conclusion

For the reasons explained above, the Plaintiff's Cross-Motion for Remand [ECF No. 9] is **GRANTED**. HUD's Motion to Vacate [ECF No. 7] is **DENIED AS MOOT**.

The Clerk is directed to **CLOSE** this case and shall take all necessary steps to ensure the prompt remand of this matter and the transfer of this file back to the County Court for the Seventeenth Judicial Circuit in and for Broward County, Florida.

**DONE and ORDERED** in chambers, at Miami, Florida on August 10, 2012.

_____
ROBERT N. SCOLA, JR.
UNITED STATES DISTRICT JUDGE

*Copies to:*
U.S. Magistrate Judge
Counsel of Record